## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JESSICA L. LAICY<br>5436 Cedar Springs<br>Columbus, Ohio 43228<br><br>On Behalf of Herself and Others Similarly Situated<br><br>      Plaintiff,<br><br>  v.<br><br>MICHELLE R. DUBROW<br>P.O. Box 6423<br>Columbus, Ohio 43206<br><br>      Defendant,<br><br>And,<br><br>All Other Similarly Situated<br>Defendants Juridically Linked | Case No.: 20-2057<br><br><br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

Now comes JESSICA L. LAICY ("Plaintiff"), by and through her undersigned counsel, individually and on behalf of all others similarly situated, and sets forth her COMPLAINT against MICHELLE R. DUBROW ("Defendant"), and if later approved by this Court, all other similarly-situated and juridically-linked Defendants, as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §1331 because this action principally arises under the federal laws of the United States, and more specifically the Fair Debt Collection Practices Act ("FDCPA") found at 15 U.S.C. §1692 et seq.

1

2. The Court has supplemental jurisdiction under 28 U.S.C. §1367(a) to hear and determine the related State law claims asserted under the Ohio Consumer Sales Practices Act ("OCSPA") found at R.C. §1345.01 et seq.

3. Venue is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff is a naturally born person who currently resides in Columbus, Ohio.

5. Defendant is an attorney licensed to practice law in the State of Ohio.

6. Defendant uses modes of interstate commerce or the mails in her principal business of collecting debts.

7. Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, others.

8. Defendant collects debts on behalf of multiple clients, including the State of Ohio and/or affiliated entities.

## FACTUAL ALLEGATIONS

9. In 2015-2016, Plaintiff registered for educational classes at Columbus State Community College ("CSCC"), located in Columbus Ohio.

10. At that time, Plaintiff had been approved for certain Federal Pell Grants, SEOG Grants, and Federal Direct Subsidized Student Loan programs to pay for the classes.

11. According to CSCC's records, between October 2015 and March 2016, Plaintiff incurred $6,160.09 in various class registration charges.

12. According to CSCC's records, over that same time period, CSCC received payments and credits of $5,312.09, leaving an allegedly unpaid balance of $848.00.

13. Plaintiff believed that her grants and loans covered the entirety of the CSCC charges and therefore she did not believe she owed CSCC any further money.

14. On May 6, 2019, Plaintiff received a lawsuit by certified U.S. Mail from Defendant filed in the Franklin County Municipal Court with Case No. 2019 CVF 13983[1].

15. A true and authentic copy of the Complaint, Summons and attached documentation is attached hereto as EXHIBIT A.

16. According to the Complaint, on July 21, 2016, the subject debt to CSCC was certified by Ohio law [R.C. §131.02(A)[2]] to the Ohio Attorney General ("OAG") for further collection.

17. At some point after certification, Plaintiff paid the OAG $203.00[3].

18. At the time of certification of the subject debt to OAG however, and before any costs were actually incurred, the OAG assessed a "collection cost" of $276.57 on the $848.00 principal balance which mathematically translated to 33%.

---

[1] The case was commenced by Defendant on behalf of CSCC on April 11, 2019. Due to the COVID-19 pandemic, the S.D Ohio District Court issued General Order 20-08 on April 3, 2020 which, *inter alia*, closed to the public the S.D Ohio Courthouses effective (and continued from) March 20, 2020 to June 1, 2020. This case has been filed subject to Fed. R. Civ. P. 6(a)(3)(A) with regard to 15 U.S.C. §1692k(d).

[2] (A) Except as otherwise provided in section 4123.37, section 5703.061, and division (K) of section 4123.511 of the Revised Code, whenever any amount is payable to the state, the officer, employee, or agent responsible for administering the law under which the amount is payable shall immediately proceed to collect the amount or cause the amount to be collected and shall pay the amount into the state treasury or into the appropriate custodial fund in the manner set forth pursuant to section 113.08 of the Revised Code. Except as otherwise provided in this division, if the amount is not paid within forty-five days after payment is due, the officer, employee, or agent shall certify the amount due to the attorney general, in the form and manner prescribed by the attorney general, and notify the director of budget and management thereof. In the case of an amount payable by a student enrolled in a state institution of higher education, the amount shall be certified within the later of forty-five days after the amount is due or the tenth day after the beginning of the next academic semester, quarter, or other session following the session for which the payment is payable. **The attorney general may assess the collection cost to the amount certified in such manner and amount as prescribed by the attorney general**. If an amount payable to a political subdivision is past due, the political subdivision may, with the approval of the attorney general, certify the amount to the attorney general pursuant to this section.

[3] Plaintiff later filed Chapter 7 bankruptcy case on April 16, 2019 (*In re Jessica Laicy*, Case No. 19-52424 (Bankr. S.D. Ohio 2019) and received a discharge on July 30, 2019. Defendant's Municipal Court case is inactive but remains pending.

19. Defendant is an independent contractor engaged by the OAG under R.C. §109.08 to collect debts, and in this case, the university debt allegedly and originally owed by Plaintiff to CSCC.

20. Defendant executed a Retention Agreement with the OAG for collecting debts for the 2019 fiscal year.

21. Pursuant to the terms of Defendant's Retention Agreement, Plaintiff was entitled to compensation for collection of university debts at the contingency rate of, at most, 21-25%.

22. Plaintiff's alleged obligation owed to the CSCC was certified to the OAG prior to April 6, 2017, the date on which certain Ohio statutes were amended - in particular R.C. §109.08 and §109.081.

23. On January 4, 2017, Ohio's Senate Bill 227 was signed into law and thus effective April 6, 2017, the Ohio General Assembly repealed former R.C. §§109.08 and 109.081 and replaced such provisions with new provisions that now expressly permit the recovery of properly calculated "collection costs" from "the party indebted". *2015 S.B. 227 (131st General Assembly).*

24. At the time of certification of the subject debt, the OAG was operating under former R.C. §109.08 and §109.081 which, at best, ambiguously called for charging such costs to the account debtor, making such costs uncollectible from the account debtor.[4]

25. In addition to the remaining unpaid principal balance allegedly owed to CSCC and statutory interest, Defendant represented that Plaintiff owed $276.57 in collection costs assessed under former R.C. §109.08 and §109.081.

---

[4] *Rachel M. Thompson v. General Revenue Corp.*, Case No. 2:16-cv-00734-GCS-KAJ (S.D. Ohio 2017) ECF 27 at 11.

4

26. Defendant, CSCC, the OAG and/or the State of Ohio, at best, overstated the recoverable amount of the collection costs, and at worst, was never legally entitled to recover them from Plaintiff.

### COUNT ONE: VIOLATIONS OF FDCPA - 15 U.S.C. §§1692e, 1692e(2)(A), and/or 1692e(2)(B)

27. Plaintiff restates all of the foregoing allegations in this Complaint as if fully restated herein.

28. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

29. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

30. The amount Defendant sought to collect from Plaintiff is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

31. The complaint served upon Plaintiff is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

32. Defendant's complaint asserted that Defendant, the OAG and/or CSCC had the legal right to collect certain collection costs in the amount of $276.57.

33. Defendant's assertion that it had the legal right to collect $276.57 of collection costs comprised the use of a false, deceptive, or misleading representation or means in violation of 15 U.S.C. §1692e.

34. Defendant's assertion that it had the legal right to collect $276.57 of collection costs comprised a false representation of the character, amount, or legal status of the debt, in violation of 15 U.S.C. §1692e(2)(A).

35. Defendant's assertion that it had the legal right to collect $276.57 of collection costs comprised a false representation of the services rendered or compensation which may be lawfully received by Defendant for its collection of the debt in violation of 15 U.S.C. §1692e(2)(B).

## COUNT TWO: CLASS ALLEGATIONS - VIOLATIONS OF
## FDCPA - 15 U.S.C. §§1692e, 1692e(2)(A), and/or 1692e(2)(B).

36. Plaintiff restates all of the foregoing allegations in this Complaint as if fully restated herein.

37. Upon information and belief, April 11, 2019 to present, Defendant mailed or caused to be mailed numerous dunning letters and other collections correspondences, and/or filed court complaints ("collection communications"), to consumers similarly situated to Plaintiff, attempting to collect consumer university debts alleged to be owed to various State of Ohio universities ("Putative Class").

38. Upon information and belief, in those collection communications, Defendant attempted to collect, and in some cases collected, certain collection cost amounts for debts incurred prior to April 6, 2017 and/or for debts certified to the OAG prior to April 6, 2017.

39. Defendant's assertion in those collection communications that she had the legal right to collect collection costs comprised the use of a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e.

40. Defendant's assertion in those collection communications that she had the legal right to collect collection costs comprised a false representation of the character, amount, or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

41. Defendant's assertion in those collection communications that she had the legal right to collect collection costs comprised a false representation of the services rendered or compensation which may be lawfully received by Defendant for her collection of the debt in violation of 15 U.S.C. § 1692e(2)(B).

42. Pursuant to 15 U.S.C. § 1692k, the Putative Class members are accordingly entitled to actual damages sustained as a result of Defendant's failure to comply with the FDCPA, including disgorgement of any collection cost amounts illegally collected, and such

additional statutory amounts as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant, and the costs of this action, together with reasonable attorney's fees.

43. Upon further discovery, Plaintiff intends to define and move to certify a class of similarly situated consumers who were sent or caused to be sent by Defendant, on or after April 11, 2019, collection communications seeking the collection of collection cost amounts pertaining to university debts alleged to be owed to various universities of the State of Ohio.

44. This action is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23.

45. Upon information and belief, members of the Putative Class are so numerous that joinder is impractical.

46. Plaintiff estimates that Putative Class will number in the hundreds or more.

47. Plaintiff will assure adequate representation of all members of the Putative Class and has no conflict with Putative Class members in the maintenance of this action.

48. Plaintiff's interests in this action are typical of the class, as the collection cost amount Defendant attempted to collect from Plaintiff was calculated and derived in substantially the same manner as the collection cost amounts Defendant sought from other Putative Class members.

49. Plaintiff's interests in this action are antagonistic to the interests of the Defendant.

50. Plaintiff has no interest in or relationship with Defendant that would prevent her from litigating this matter fully on behalf of the Putative Class.

51. Plaintiff is aware that settlement of this class action is subject to court approval.

52. Plaintiff will vigorously pursue the class claims throughout the course of this action.

53. A class action will provide a fair and efficient means to adjudicate this controversy since the claims of the Putative Class members are virtually identical, raising the same questions of fact and law.

54. Most if not all facts needed to determine damages are objectively ascertainable from the records of Defendant, the OAG, and the university entities of State of Ohio, and from other publicly available information.

55. The purposes of the FDCPA, a broad remedial statute, will be best effectuated by a class action.

56. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

57. Because the damages suffered by most of the Putative Class member are relatively small in relation to the costs, expense, and burden of individual litigation, it would be difficult for members of the Putative Class to individually redress the wrongs done to them.

58. Many if not all of the Putative Class members are unaware that claims exist against Defendant.

59. There will be no unusual difficulty in the management of this action as a class action.

60. Common questions of law predominate over all matters in this class action, as the allegations all concern Defendant's right(s) under Ohio law to collect certain collection costs on consumer debts owed to Ohio entities, and whether such collection constitutes a violation of a singular federal act (the FDCPA).

### COUNT THREE: VIOLATIONS OF OCSPA – R.C. §1345.01 et seq.

61. Plaintiff restates all of the foregoing allegations in this Complaint as if fully restated herein.

62. Defendant is a "supplier" within the meaning of R.C. §1345.01(C).

63. Plaintiff is a "consumer" within the meaning of R.C. §1345.01(D).

64. The subject, alleged debt is the product of a "consumer transaction" within the meaning of R.C. §1345.01(A).

65. The OCSPA applies to activities of debt collectors and to litigation activities; and there is an interrelationship between the OCSPA and the FDCPA that make violations of the FDCPA equivalent to unfair and unconscionable consumer trade practices in violation of the OCSPA under R.C. §1345.02 and §1345.03.[5]

66. Defendant's false representation that $276.57 in collection costs were due and owing constitute unfair and unconscionable trade practices in violation of R.C. §§1345.02 and 1345.03.

67. Plaintiff has a private right of action under R.C. §1345.09(A) and (B) to recover treble actual damages, up to $5,000.00 in non-economic damages, and pursuant to §1345.09(F), she may be entitled to costs and reasonable attorney fees.

### COUNT FOUR: CLASS ALLEGATIONS – VIOLATION OF THE OCSPA – R.C. §1345.01 et seq.

68. Upon information and belief, April 11, 2018 to present, Defendant mailed or caused to be mailed numerous dunning letters and other collections correspondences, including court complaints ("collection communications"), to consumers similarly situated to Plaintiff, attempting to collect consumer university debts alleged to be owed to various State of Ohio universities ("Putative Class").

69. Upon information and belief, in those collection communications, Defendant attempted to collect, and in some cases collected, certain collection cost amounts for debts incurred prior to April 4, 2017 and/or for debts certified to the OAG prior to April 4, 2017.

---

[5] *Taylor v. First Resolution Investment Corp. et al.*, 148 Ohio St. 3d 627, 654 (2016).

70. Defendant's assertion in those collection communications that she had the legal right to collect collection costs comprised the use of a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e and therefore constitute violations of the OCSPA under R.C. §§1345.02 and 1345.03.

71. Defendant's assertion in those collection communications that she had the legal right to collect collection costs comprised a false representation of the character, amount, or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A) and therefore constitute violations of the OCSPA under R.C. §§1345.02 and 1345.03.

72. Defendant's assertion in those collection communications that she had the legal right to collect collection costs comprised a false representation of the services rendered or compensation which may be lawfully received by Defendant for her collection of the debt in violation of 15 U.S.C. § 1692e(2)(B) and therefore constitute violations of the OCSPA under R.C. §§1345.02 and 1345.03.

73. Pursuant to R.C. §1345.09(A) and (B), the Putative Class members are accordingly entitled to damages or other appropriated class action relief under the OCPSA, including disgorgement of any collection cost amounts illegally collected, and the costs of this action, together with reasonable attorney's fees.

74. Upon further discovery, Plaintiff intends to define and move to certify a class of similarly situated consumers who were sent or caused to be sent by Defendant, on or after April 11, 2018, collection communications seeking the collection of collection cost amounts pertaining to university debts alleged to be owed to various universities of the State of Ohio.

75. This action is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23.

76. Upon information and belief, members of the Putative Class are so numerous that joinder is impractical.

77. Plaintiff estimates that Putative Class will number in the hundreds or more.

78. Plaintiff will assure adequate representation of all members of the Putative Class and has no conflict with Putative Class members in the maintenance of this action.

79. Plaintiff's interests in this action are typical of the class, as the collection cost amount Defendant attempted to collect from Plaintiff was calculated and derived in substantially the same manner as the collection cost amounts Defendant sought from other Putative Class members.

80. Plaintiff's interests in this action are antagonistic to the interests of the Defendant.

81. Plaintiff has no interest in or relationship with Defendant that would prevent her from litigating this matter fully on behalf of the Putative Class.

82. Plaintiff is aware that settlement of this class action is subject to court approval.

83. Plaintiff will vigorously pursue the class claims throughout the course of this action.

84. A class action will provide a fair and efficient means to adjudicate this controversy since the claims of the Putative Class members are virtually identical, raising the same questions of fact and law.

85. Most if not all facts needed to determine damages are objectively ascertainable from the records of Defendant, the OAG, and the university entities of State of Ohio, and from other publicly available information.

86. The purposes of the OCSPA, a broad remedial statute, will be best effectuated by a class action.

87. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

88. Because the damages suffered by most of the Putative Class member are relatively small in relation to the costs, expense, and burden of individual litigation, it would be difficult for members of the Putative Class to individually redress the wrongs done to them.

89. Many if not all of the Putative Class members are unaware that claims exist against Defendant.

90. There will be no unusual difficulty in the management of this action as a class action.

91. Common questions of law predominate over all matters in this class action, as the allegations all concern Defendant's right(s) under Ohio law to collect certain collection costs on consumer debts owed to Ohio entities, and whether such collection constitutes a violation of the FDCPA and the OCSPA.

**WHEREFORE**, Plaintiff prays for the following relief:

A. A determination that the Defendant violated the FDCPA and OCSPA by attempting to collect the collection cost balance of $276.57 from Plaintiff;

B. Once Plaintiff has completed discovery and moved for class certification, certification of the Putative Class under Fed. R. Civ. P. 23, with the named Plaintiff as class representative and the undersigned attorneys as class counsel;

C. A judgment entitling Plaintiff and all Putative Class members, upon the claims for relief mentioned in this Complaint, an award in excess of $25,000 pursuant to the remedies set forth in 15 U.S.C. § 1692(k), including disgorgement of any collection costs unlawfully collected and R.C. §1345.09;

D. An award to Plaintiff and all Putative Class members of all other remedies that equitably and reasonably flow from Defendant's breach(es) of federal and/or state law and the obligations that arise therefrom;

E. An award of such other and further relief that the Court deems just, equitable, and proper, including but not limited to the addition of "to-be-named" similarly situated defendants who are determined, through proper procedure and discovery, to be juridically linked to the current named Defendants, such that adding them is appropriate and will promote expediency and judicial economy.

F. An award to Plaintiff and all Putative Class members their reasonable attorney's fees, costs, disbursements and pre-judgment interest; and

G. An award of such other and further relief that the Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff hereby demands a jury for all issues triable.

Dated this 24th day of April 2020.

Respectfully submitted,

/s/     James E. Nobile
Eric E. Willison (0066795)
James E. Nobile (0059705)
**Nobile & Thompson Co., LPA**
4876 Cemetery Road
Hilliard, Ohio 43026
Phone:  614.529.8600
Fax:  614.529.8656
eewillison@earthlink.net
jenobile@ntlegal.com